IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CIV S-08-1050 JAM GGH PS

vs.

REAL PROPERTY LOCATED AT
3115 CLAREMONT DRIVE, OROVILLE,
CALIFORNIA, BUTTE COUNTY,
APN: 079-010-012-0, INCLUDING
ALL APPURTENANCES AND
IMPROVEMENTS THERETO,

ORDER

    Defendant.

_____/

    Claimants Shirley Lacey and Barbara Howell (daughter and mother, respectively) have filed separate Verified Claims in defendant property in this civil forfeiture action, and each requests appointment of counsel pursuant to 18 U.S.C. § 983(b)(2)(A),[1] which provides:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of

---

[1] Both claimants alternatively request appointment of counsel pursuant to the Criminal Justice Act, Title 18 U.S.C. § 3006A, and therefore 18 U.S.C. § 983(a). See also, Fed. R. Crim. P. 44. This option is inapplicable because it is limited to federal criminal defendants.

1

the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

Accordingly, the following elements are required to qualify for appointment of counsel pursuant to 18 U.S.C. § 983(b)(2)(A):  standing, primary residence and financial limitation.

Both Lacey and Howell declare under penalty of perjury that they reside at the subject property.

Although Lacey states that she is a "co-owner" of defendant property, she alone possesses legal title.  See Verified Complaint at ¶ 3 ("[t]he recorded owner of the defendant real property is Shirley E. Lacey, a single woman").  Lacey therefore meets the standing requirement of 18 U.S.C. § 983(b)(2)(A).

Howell's interest in the property remains unclear.

The Ninth Circuit requires "proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement." United States v. One 1985 Cadillac Seville, 866 F .2d 1142, 1148 (9th Cir.1989); but see, U.S. v. $57,790 in U.S. Currency, 184 Fed.Appx. 604, 605 (9th Cir. 2006) ("standing" in forfeiture actions not synonymous with Article III standing).  "The claimant has the burden of establishing, by a preponderance of the evidence, that he has an interest in the property." U.S. v. Real Property Located at Section 18, 976 F.2d 515, 520 (9th Cir. 1992), citing  U.S. v. One Parcel of Land, 902 F.2d 1443, 1444 (9th Cir. 1990).  "This interest need not be an ownership interest; it can be any type of interest, including a possessory interest.  See $122,043.00 [United States v. $122,043.00 in United States Currency, 792 F.2d 1470, 1473 (9th Cir.1986)] 792 F.2d at 1473; United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir.1984) ('It is not necessary therefore that a claimant under the forfeiture statute allege ownership.  A lesser property interest such as possession creates standing.') (citing United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984))." United States v. $191,910.00 in U.S. Currency, 16 F.3d

1051, 1057 (9th Cir.1994), superseded by statute on other grounds.

Although Howell claims she is a "co-owner" and has "equitable interests" in defendant property, the evidence submitted does not support her claims. The evidence does not include any agreement or other documentation demonstrating that Howell has an equitable interest in defendant property. Rather, the evidence consists of documents demonstrating Howell's and Lacey's sources of income (primarily Social Security) and a series of mostly illegible receipts demonstrating "house payments," presumably made on the mortgage for defendant property. To the extent the receipts are legible, they indicate payments made variously by "Shirley Lacey," "Shirley and Barb Lacey" (some receipts have crossed out "Barb Lacey" and replaced it with "Barbara Howell"), "Chris," "Chris Chad," 'Vince," "BJ," "Jason," "Carol," "John," "Carla," and "RB." None of this evidence demonstrates that Howell has any equitable title or other cognizable interest in defendant property.

Since Howell has not met her burden of demonstrating she has standing to contest the forfeiture of defendant property, she will be directed to serve and file a further declaration and additional evidence demonstrating her interest therein. The filing deadline for claimant's answers[2] will be deferred pending the court's determination of Howell's standing to remain in this action and further order of the court. The court will also defer referral of either claimant to Legal Services Corporation for assessment of their financial eligibility for appointment of counsel.

///

///

///

///

---

[2] The Notice of Complaint filed May 15, 2008 informs potential claimants that answers to the complaint are to be filed within twenty days of filing a claim. See Notice of Complaint (Doc. # 1-3), at 2:11-14. Both Lacey and Howell filed their claims on June 24, 2008; twenty days thereafter is Monday, July 14, 2008.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Howell shall file and serve, within twenty days of service of this order, a declaration and additional evidence demonstrating her interest in defendant property and standing to challenge its forfeiture; and

2. Claimants' answers to the complaint shall not be due until further order of this court.

So ordered.

DATED: July 11, 2008

/s/Gregory  G. Hollows
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Real Prop.Claremont.Cnsl