IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                      No. CIV S-08-1050 JAM GGH PS

    vs.

REAL PROPERTY LOCATED AT
3115 CLAREMONT DRIVE, OROVILLE,                ORDER
CALIFORNIA, BUTTE COUNTY,
APN: 079-010-012-0, INCLUDING
ALL APPURTENANCES AND
IMPROVEMENTS THERETO,

    Defendant.

_____/

        As set forth in this court's order filed July 11, 2008, this is a civil forfeiture action in which claimants Shirley Lacey and Barbara Howell (daughter and mother, respectively) each seek appointment of counsel from the Legal Services Corporation pursuant to 18 U.S.C. § 983(b)(2)(A). The statute requires demonstration of three elements to qualify for appointment of counsel: primary residence in the subject property, standing to assert an equitable interest in the property, and financial inability to pay for legal representation.

        This court previously found that both claimants resided at the subject property, based on their respective declarations made under penalty of perjury. With respect to standing,

1

the court found that Lacey had made sufficient demonstration based on her declaration of ownership and the averment within plaintiff's complaint that "[t]he recorded owner of the defendant real property is Shirley E. Lacey, a single woman" (Verified Complaint at ¶ 3)). However, the court found Howell's asserted ownership interest in the subject property to be unclear and directed her to file and serve a declaration and additional evidence demonstrating such interest.

Howell has now responded[1] by filing additional documentation, although without further declaration. Most significant among Howell's documents is a Grant Deed dated and recorded March 17, 2008, which provides that Lacey gifted the subject property to Howell. See Docket, Document No. 13, pp. 5-7.

While this new evidence renders suspect Lacey's purported ownership interests in defendant property, it is sufficient to demonstrate, for present purposes, that Howell has a colorable interest in the property sufficient to support her standing to contest its forfeiture. The court renders no opinion whether the March 17, 2008 conveyance was a sham transaction nor, for that matter, the respective interests of Howell or Lacey. Rather, the court finds only that the present record supports the threshold finding that both claimants have standing to contest the forfeiture of defendant property.[2]

The final element required for appointment of counsel is financial limitation, and this assessment is generally made by the Legal Services Corporation and its local affiliate

---

[1] The court will disregard that Howell filed her supplemental evidence one day after the time period within which she was directed to do so.

[2] "Article III standing must be determined as a threshold matter in every federal case. In a forfeiture action, this determination turns upon whether the claimant has a sufficient interest in the property to create a case or controversy. The claimant's burden under Article III is not a heavy one; the claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake. Ownership interest is determined under the law of the state in which the interest arose-here, California." U.S. v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1191 (9th Cir. 2004) (citations omitted). See also cases cited in court's order filed July 11, 2008.

pursuant to referral from this court.

Accordingly, it is HEREBY ORDERED that this matter is referred to the Legal Services Corporation for assessment of each claimant's financial ability to pay for legal representation in this action. Should the Legal Services Corporation determine that one or both claimants are unable to afford legal representation, it shall file an Ex Parte Application for Appointment of Counsel pursuant to 18 U.S.C. § 983(b)(2)(A). Conversely, should the Legal Services Corporation determine that either claimant does not meet the financial limitation requirements for appointment of counsel, it shall so inform the court by filing a declaration to that effect. Such declaration(s) and/or application(s) shall be filed within thirty (30) days of the filing date of this order, absent extension of this deadline for good cause shown.

The Clerk of Court shall serve a copy of this order upon plaintiff and both claimants, as well as Mark Freedman, Assistant General Counsel, Legal Services Corporation, 3333 K Street NW, 3rd Floor, Washington D.C. 20007-3522; William Kennedy, Managing Attorney, Legal Services of Northern California, 515 12th Street, Sacramento CA 95814; and Valerie Feldman, Acting Managing Attorney, Legal Services of Northern California, 515 12th Street, Sacramento CA 95814.

So ordered.

DATED: 08/08/08                                    /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Real Prop.Claremont.Cnsl II